UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Simon Rottenberg, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br><br>     -v.-<br><br>Northstar Location Services, LLC, and<br>John Does 1-25,<br><br>                            Defendant(s). | CASE NO.:<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff Simon Rottenberg (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Northstar Location Services, LLC (hereinafter "Defendant Northstar"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Northstar is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) used in the FDCPA with a principal place of business of 4285 Genesee Street,

Cheektowaga, New York, which is also the address Defendant Northstar has designated for service of process.

9. Upon information and belief, Defendant Northstar is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant Northstar sent a letter;

   c. attempting to collect a consumer debt;

   d. that offers a "settlement";

   e. that does not state whether the offered settlement amount will be accepted as payment in full;

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant Northstar and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant Northstar's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692f.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue

      is whether the Defendant Northstar's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and §1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant Northstar's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to October 11, 2021, an obligation was allegedly incurred to Discover Bank ("Discover").

22. The Discover obligation arose out of transactions of which were used primarily for personal, family, or household purposes.

23. The alleged Discover obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Discover is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Discover contracted with the Defendant Northstar to collect the alleged debt.

26. Defendant Northstar collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### *Violation – October 11, 2021 Collection Letter*

27. On or about October 11, 2021, Defendant Northstar sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Discover.  **See Letter attached hereto as Exhibit A**.

28. The letter lists the "Balance" as $2,413.36.

29. Further down in the Letter it states:

6

> Northstar Location Services, LLC has been authorized by our client, Discover Bank, to offer you a settlement for $1,206.68 due in our office by 11/11/2021. If you wish to take advantage of the settlement offer, please contact our office at 1-888-795-2443.
>
> Please be advised that if this item does not clear through your bank, this settlement offer will be considered null and void. We are not obligated to renew this offer.

30. The letter is confusing and deceptive as it fails to state whether or not the debt will be considered settled in full if the consumer makes the listed payments.

31. As a result of receiving and reviewing the Letter, Plaintiff was confused regarding the actual status of his balance and whether he had an opportunity to settle his account in full with a single payment of the discounted rate.

32. These violations by Defendant Northstar were knowing, willful, negligent, and/or intentional, and Defendant Northstar failed to maintain procedures reasonably adapted to avoid any such violations.

33. Defendant Northstar's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

34. Plaintiff was confused and misled to his detriment by the statements in Defendant's correspondence, and relied on the contents of the correspondence to his detriment.

35. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

36. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

37. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

38. Therefore, as a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

39. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant Northstar's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated said section, including § 1692e (10), by using false and deceptive means to collect a debt by failing to state whether or not the settlement payment would be considered payment in full.

43. By reason thereof, Defendant Northstar is liable to Plaintiff for judgment that Defendant Northstar's conduct violated Section 1692e *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

44. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant Northstar's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including, but not limited to, 15 § 1692f.

46. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47. Defendant Northstar violated this section by failing to state whether or not the settlement payment would be considered payment in full.

48. By reason thereof, Defendant Northstar is liable to Plaintiff for judgment that Defendant Northstar's conduct violated Section 1692f *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Simon Rottenberg, individually and on behalf of all others similarly situated, demands judgment from Defendant Northstar Location Services, LLC as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

  iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  v. Awarding pre-judgment interest and post-judgment interest; and

  vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 9, 2021        Respectfully Submitted,

               **STEIN SAKS, PLLC**
               **/s/ Raphael Deutsch**
               Raphael Deutsch, Esq.
               1 University Plaza, Suite 620
               Hackensack, NJ 07601
               Ph: 201-282-6500 ext. 101
               Fax: 201-282-6501
               cmerritt@steinsakslegal.com
               *Counsel for Plaintiff*